REGAN, Judge.
Plaintiffs, Langdon H. Stone, Lawrence A. Stone, II, and Mrs. Sally G. Stone, individually and doing business as the Lawrence A. Stone Agency, instituted this suit against the defendants, Mr. and Mrs. Hubert E. Ellzey, endeavoring to recover the sum of $137,843.32 [1] for damages which they assert were incurred by them as a result of the embezzlement of funds by Mrs. Ellzey from the plaintiffs’ insurance agency
The defendants answered and generally denied the foregoing accusation. Following a trial on the merits, judgment was rendered in favor of plantiffs in the amount of $28,843.32, subject to a credit of $1,200.00 previously paid by the defendants, together with interest and costs.
From this judgment the defendants have appealed. Plaintiffs have answered the appeal requesting that the lower court’s judgment be amended so as to award them additional interest on loans which they secured in order to provide operating capital for their business, pending the recovery of the stolen money.
The record reveals that defendant, Julia M. Ellzey, was employed by the plaintiffs’ insurance agency in a general clerical capacity from June of 1961 until June of 1962. Her initial duties embraced the keeping of portions of the company books, including the cash book, the accounts receivable records, the accounts payable records, and the general ledger. Defendant was subsequently permitted to sign checks drawn on the agency’s account, and was assigned the task of receiving and depositing the agency’s cash receipts. During the month of May, *122 1962, the plaintiffs’ suspicions were aroused as to the possibility that agency funds were missing, and a preliminary examination revealed obvious discrepancies. A firm of certified public accountants was retained to examine the books in an effort to ascertain the total amount missing. When defendant learned that the books were to be examined, she confessed that she had wrongfully misappropriated the agency’s funds.
The accounting firm conducted a thorough examination of the plaintiffs’ books, and in due course rendered a written report in connection therewith. According to the evidence discovered by the accountants, a total of $27,624.65 was missing from the company funds. Of this amount, $7,536.81 represented the difference between the receipts recorded in the cash book and the receipts deposited in the bank. Moreover, various checks were wrongfully drawn on the agency’s bank account in the total sum of $20,087.84. It is needless to say that the amounts and payees of the checks which were available for scrutiny were different from the corresponding information in the cash book.
We reiterate, for the purpose of emphasis, at the inception of this opinion, that Mrs. Ellzey unequivocally admitted during the trial hereof that she had wrongfully misappropriated agency funds to her own use. It was her contention, however, that her maximum embezzlement amounted to $12,-000.00 and that she had replaced all but $5,400.00 thereof. Hence, the initial question which this litigation has posed for our consideration is the exact amount of Mrs. Ellzey’s defalcation. The litigants concede that the answer thereto involves only an evaluation of the facts developed in the course of the trial hereof.
Eugene J. Appolonio, a partner in the firm of Rupert A. Stewart and Company, certified public accountants, conducted the financial examination at plaintiffs’ request. He testified that the receipts reported in the cash book for the period of the defendant’s employment amounted to $230,866.53, but that the amount deposited in the bank was only $223,329.72, leaving a hiatus of $7,-536.81. He further related that after examining the bank statements and charges thereon, as well as other relevant documents, he found that 52 checks, involving the amount of $20,087.84, were wrongfully drawn against the account of the plaintiffs in the National Bank of Commerce. In this way, Appolonio arrived at the amount of $27,624.65 which had disappeared from the company funds. Appolonio’s figures were fully confirmed by virtue of the testimony of James E. Scott, Jr., a partner in the accounting firm of Rouselle and Scott, who verified Appolonio’s audit. In addition thereto, the plaintiffs herein, who are well known and respected members of the business community, testified without contradiction that none of these funds had been misappropriated by them.
In an effort to reduce the effect of the foregoing evidence, the defendants offered the testimony of E. G. Heinz, a certified public accountant, who laboriously endeavored to cast doubt on the audit procedures employed by Appolonio. It is sufficient to say, however, that Heinz failed to offer any positive evidence to contradict the findings of the plaintiffs’ accountant, and at best his testimony may be described as vague and nebulous.
The only other evidence adduced herein emanated from the defendant herself. To reiterate, she admitted that she had embezzled funds from the plaintiffs, and then described in more than adequate detail the method that she adopted to falsify the books of the agency and to convert its funds to her own use. However, in the final analysis,, she very simply insisted that her total remaining indebtedness to the plaintiffs amounted to the sum of $5,400.00.
The foregoing elucidation reveals,, as we have said hereinabove, that only a question of fact was posed for the trial court’s consideration. The judge thereof obviously accepted plaintiffs’ estimate of the amount of money embezzled and, there *123 -fore, concluded that the cash actually stolen ~by Mrs. Ellzey was $27,624.65, and not .$5,400.00.
The next question which this appeal has •posed for our consideration is whether that finding of the trial judge is so erroneous •and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing evidence ■or by endeavoring to reconcile the respective litigants’ version of what actually occurred. 'The trial judge accepted the plaintiffs’ ver■sion thereof, and our analysis of the record ■convinces us that the evidence preponder■ates in their favor, and that his conclusion is therefore correct.
The trial court awarded as special -damages the sum of $1,218.67 representing interest paid by the plaintiffs on two loans amounting to $18,000.00 secured from local hanks for operating capital pending the recovery of the money stolen by the defend.ant. This sum represented interest on the two loans as of September 12, 1963, and October 23, 1963, respectively, as proved in the trial court. Plaintiffs argue that this award is not sufficient, since interest will continue to accrue on the loans until the time that they are paid. However, it is completely within the discretion of the plaintiffs when they shall choose to liquidate these loans, and we are of the opinion that the trial judge ruled correctly in fixing these dates as cutoff points.
Plaintiffs’ counsel has directed our attention to the fact that the trial judge refused to permit the recovery of $1,500.00 as special damages for the expense of conducting an audit in order to ascertain the extent of Mrs. Ellzey’s wrong-doing. He reasoned that such an item is not recoverable since the plaintiffs should have ascertained either through their own efforts, or through the medium of specially designated persons, that their funds had been embezzled. It is our opinion, however, that there is a direct causal relation between defendants defalcations and the plaintiffs’ need to employ the special auditors; therefore, we are unable to agree with the trial court as a matter of law that the blame for the theft falls upon the plaintiffs so as to preclude their recovery of the accounting fees.
For the foregoing reasons the judgment of the trial court is amended by increasing the amount thereof by the sum of $1,500.00, from $28,843.32 to $30,343.32, and as amended the judgment of the lower court is affirmed.
Defendants to pay all costs hereof.
Amended and affirmed.

. Petitioners sought $139,043.32, but admitted a credit of $1,200.00.